IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AZLEN ADIEU FARQUOIT MARCHET,<br><br>    Petitioner,<br><br>v.<br><br>LARRY BENZON,<br><br>    Respondent. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:18-CV-578-TC<br><br>District Judge Tena Campbell |

  Acting *pro se*, Petitioner Azlen Adieu Farquoit Marchet filed an amended habeas-corpus petition under 28 U.S.C.S. § 2254 (2020). (ECF No. 7.) The Court grants Respondent's Motion to Dismiss, (ECF No. 13), after thoroughly reviewing every document in this case.

## BACKGROUND

- 3/27/09 Petitioner sentenced by Utah state court to five-years-to-life on rape conviction. (ECF No. 7, at 1.)

- 7/19/12 Conviction affirmed by Utah Court of Appeals. *State v. Marchet*, 284 P.3d 668 (Utah Ct. App. 2012).

- 10/22/12 Certiorari petition (regarding direct appeal) denied by Utah Supreme Court. *State v. Marchet*, 288 P.3d 1045 (Utah 2012).

- 10/21/13 First state post-conviction petition (PCP) filed. *Marchet v. State*, No. 130907262 (Utah Dist. Ct. 2013).

- 2/9/17 Summary judgment granted on first PCP. (ECF No. 13-8, at 7.)

- 7/14/17 Summary affirmance of dismissal of first PCP. *Marchet v. State*, No. 20170348, slip op. (Utah Ct. App. July 14, 2017).

- 10/28/17 Second PCP filed. *Marchet v. State*, No. 170906670 (Utah Dist. Ct. 2017).

- 7/19/18 Federal habeas-corpus petition filed. (ECF No. 1.)

- 12/11/18  Second PCP dismissed. *Marchet*, No. 170906670, state court docket.

- 3/28/19  Summary affirmance of dismissal of second PCP. *Marchet v. State*, No. 20181025-CA (Utah Ct. App. March 28, 2019).

- 5/30/19  Amended Petition filed. (ECF No. 7.)

- 11/12/19 Order requiring Respondent to answer Amended Petition. (ECF No. 9.)

- 1/27/20  Respondent's motion to dismiss (MTD), based on expiration of period of limitation and procedural default. (ECF No. 13.)

- 6/18/20  Petitioner's response to MTD filed, responding only to period-of-limitation defense and ignoring Respondent's alternative ground for dismissal based on procedural default. (ECF No. 21.)

The grounds raised in this federal petition are: (1) "favorable evidence was not examined"--i.e., witness JC's trial testimony omitted mention of request for consent to sexual activity that she had testified to at prior trial, (ECF No. 7, at 5); (2) "post -allegation discussions between 404(b) witnesses violate the independence requirement of the doctrine of chances"--i.e., though witnesses BF and MP were in contact about two years prior, MP prejudicially sat through BF's testimony at BF's trial after MP testified, (*id.* at 7); (3) ineffective assistance of appellate counsel, regarding failure to identify for state appellate review, grounds (1) and (2) above, (*id.* at 8); (4) *Brady v. Maryland*, 373 U.S. 83 (1963), violation occurring when state did not provide, to Petitioner's defense, JC's favorable trial testimony from ground (1), (*id.* at 10); (5) ineffective assistance of trial counsel, because trial counsel did not retain "an expert to interpret critical coder exam reports," (ECF No. 7-1, at 10); and (6) JC's "forensic testimony was prejudicial and nonadmissible as an acquitted 404(b) witness under Rule 609," (*id.* at 12).

None of these grounds match up with the grounds Petitioner exhausted in the state-court system: (a) The trial court erred in admitting evidence of alleged prior assault of MP, on basis

2

that Petitioner's trial counsel "opened the door" to that subject matter during cross-examination, (ECF No. 13-7, at 11); (b) ineffective assistance of trial counsel for "opening the door," per ground (a) above, (*id*. at 12); (c) trial court erred in giving no jury instruction regarding consent issue and Petitioner's theory of the case, (*id*. at 13); (d) trial court erred in admitting extrinsic evidence of prior sexual encounters, together with erroneous jury instruction, (*id*. at 14).

Petitioner asserts he brought all or most of the grounds raised in his federal petition in his first state PCP. (ECF No. 7, at 6-11.) That may be so, but the first state PCP was appealed to the Utah Court of Appeals, and not brought before the Utah Supreme Court. Plus, Petitioner's second state PCP was appealed to the Utah Court of Appeals, and not brought before the Utah Supreme Court.

## ANALYSIS

In its Motion to Dismiss, (ECF No. 13), Respondent argues that Petitioner's issues are unexhausted and procedurally defaulted. The Court agrees.

### A.  Exhaustion

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in Utah courts. *See* 28 U.S.C.S. § 2254(b) & (c) (2020); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at 276; *Knapp*, 1998 WL 778774, at *2-3. Here, because he did not raise the grounds in this federal petition on direct appeal nor pursue his state PCPs all the way to the Utah

Supreme Court, Petitioner did not present any of the issues here to the highest Utah court available, the Utah Supreme Court. His claims before this Court are therefore unexhausted.

### B. Procedural Default

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act states in relevant part:

> A person is not eligible for relief under this chapter upon any ground that:
> . . .
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief . . . .

Utah Code Ann. § 78B-9-106(1) (2020).

All Petitioner's issues were raised or could have been raised, either in his direct appeal or state PCP(s). Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred.

There are potential exceptions to procedural bar, but Petitioner did not at all address Respondent's arguments based on procedural bar, let alone argue exceptions apply. The Court thus does not consider any exceptions.

## CONCLUSION

Petitioner's challenges are procedurally barred and do not merit exceptional treatment. The Court thus denies Petitioner federal habeas relief.

**IT IS ORDERED** that:

(1) Respondent's Motion to Dismiss is **GRANTED**. (*See* ECF No. 13.)

(2) Certificate of appealability is **DENIED**.

DATED this 24th day of November, 2020.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge